## O'BRIEN, BELLAND & BUSHINSKY, LLC

509 S. Lenola Road
Building 6
Moorestown, New Jersey 08057
(856) 795-2181
By: Steven J. Bushinsky, Esquire
W. Daniel Feehan, Esquire

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND; TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 VACATION FUND; TRUSTEES OF PAINTERS DISTRICT COUNCIL 711 FINISHING TRADES INSTITUTE; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 VACATION FUND; PAINTERS DISTRICT COUNCIL 711 FINISHING TRADES INSTITUTE; AND INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711, | Civil Action No.: **COMPLAINT** |
| *Plaintiffs,* v. SKY HIGH MANAGEMENT, LLC, *Defendant.* | |

Plaintiffs, by and through undersigned counsel, state as follows:

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to Sections 502(e)(1) and (f) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(e)(1) and (f) and §1145 respectively, and §301 of the Labor Management Relations Act ("LMRA"), and 29 U.S.C. §185; and 28 U.S.C. §1331.

2.      This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. §185 because the Trust Funds are administered in the State of New Jersey, the breach took place in New Jersey, and Defendant maintained or maintains a principal place of business in the State of New Jersey.

3.      A copy of this Complaint is being served on the Secretary of Labor and the Secretary of the Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

4.      Plaintiffs, Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund ("Health Fund") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a Trust Agreement and Collective Bargaining Agreement(s) ("CBA") in

accordance with Section 302(c)(5) of LMRA, 29 U.S.C. §186(c)(5). The Health Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of section 3(37) of ERISA 29 U.S.C. §1002(37).

5.    Plaintiffs, Trustees of International Union of Painters and Allied Trades District Council 711 Vacation Fund ("Vacation Fund") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a Trust Agreement and CBA(s) in accordance with section 302(c)(5) of LMRA, 29 U.S.C. §186(c)(5). The Vacation Fund is an employee benefit plan within the meaning of section 3 (3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of section 3 (37) of ERISA 29 U.S.C. §1002(37).

6.    Plaintiffs, Trustees of Painters District Council 711 Finishing Trades Institute ("FTI") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a Trust Agreement and CBA(s) in accordance with section 302 (c)(5) of LMRA, 29 U.S.C. §186(c)(5). The FTI is an employee benefit plan within the meaning of Section 3 (3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of Section 3 (37) of ERISA 29 U.S.C. §1002(37).

7.    Plaintiffs, International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, International Union of Painters and Allied

3

Trades District Council 711 Vacation Fund; and Painters District Council 711 Finishing Trades Institute (collectively "Funds") maintain their principal place of business at 27 Roland Ave, Suite 200, Mt. Laurel, New Jersey 08054.

8. The Funds are also the collecting agent for the Labor Management Cooperation Initiative ("LMCI"), National Finishing Trades Institute of New Jersey ("N-FTI"), Industry Advancement Fund ("IAF"), the Political Action Committee ("PAC"), Safety Training Recognition Awards Program ("Stars"), the Job Targeting Program ("Job Targeting"), and Political Action Together ("PAT").

9. The Funds are authorized to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

10. The Trustees of the Funds are fiduciaries within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A).

11. The Funds bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

12. Plaintiff International Union of Painters and Allied Trades District Council 711 (the "Union") brings this action for dues check-offs and other contributions owed pursuant to the CBA(s).

13. The Union is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4),

and represents employees in an industry affecting commerce.

14.    The Union maintains it principal place of business at 9 Fadem Road, Springfield, New Jersey 07081.

15.    Defendant, Sky High Management, LLC ("Sky High"), is referred to as "Defendant" or "Employer" and "Party in Interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, and was or is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

16.    Upon information and belief, Defendant Sky High maintained or maintains its principal place of business at 940 Mountain Avenue, Mountainside, New Jersey 07092.

17.    Defendant Sky High conducted or conducts business in the State of New Jersey.

### COUNT ONE

### Failure to Remit Contributions

18.    The Funds incorporate the allegations in Paragraphs 1 through 17 of this Complaint as if set forth herein in their entirety.

19.    At all relevant times, Defendant Sky High was party to or agreed to abide by the terms and conditions of a CBA(s) with the Union or one or more local labor unions or district councils affiliated with the Union.

5

20. The CBA provides that Defendant Sky High must make specified fringe benefit contributions to the Funds, and remit administrative dues as required by the CBA for Defendant Sky High's represented employees.

21. The foregoing CBA was executed by Defendant Sky High.

22. Despite its contractual obligation, and though it reaped the benefit of the labor provided by their employees, Defendant Sky High failed to remit the required contributions to the Funds for the benefit of its employees.

23. Defendant Sky High failed to remit or has only remitted a portion of the required contributions to the Funds for the benefit of its employees including, but not limited to, the period of April 1, 2018 through June 30, 2018.

24. Payment of the delinquent contributions and penalties assessed against Defendant Sky High has been demanded by the Funds, but Defendant Sky High has refused to submit the required payments.

25. Such delinquencies constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

26. Failure to pay the delinquencies enumerated in the CBA is violative of 29 U.S.C. §1145.

27. This action is brought by the fiduciaries of the Funds pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest,

liquidated damages up to or exceeding twenty percent (20%), reasonable attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Funds respectfully request the following relief:

(A) Order Defendant Sky High to pay all contributions due and owing to the Funds and the Union;

(B) Order Defendant Sky High to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

(C) Order Defendant Sky High to pay liquidated damages as provided by 29 U.S.C. §1132(g);

(D) Order Defendant Sky High to pay a penalty of 20% of the unpaid balance pursuant to the Funds' Collection Policy;

(E) Order Defendant Sky High to specifically perform all obligations to the Funds under the CBA;

(F) Order Defendant Sky High to pay the Funds' reasonable attorneys' fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

(G) Order such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT TWO

### Failure to Remit Dues Check-Offs

28.     Plaintiffs incorporate the allegations of Paragraphs 1 through 27 of this Complaint as if set forth herein in their entirety.

29.     Defendant Sky High is signatory to, or has assented to, the CBA with the District Council 711 and employs Union members.

30.     Defendant Sky High failed to remit dues check-offs for the period including, but not limited to, April 1, 2018 through June 30, 2018.

31.     Defendant Sky High violated the CBA by failing to remit dues check-offs and other contributions to the Plaintiff Union.

32.     Payment of the dues check-off amounts have been demanded by the Plaintiff Union, but Defendant Sky High has refused to submit the required payments.

**WHEREFORE**, Plaintiff Union respectfully requests that this Court:

(A)     Order Defendant Sky High to pay dues check-offs due and owing to the Plaintiff Union; and

(B)     Order such further legal, equitable or other relief as is just and proper.

8

## COUNT THREE

33.     The Funds incorporate the allegations in Paragraphs 1 through 32 of this
Complaint as if set forth herein in their entirety.

34.     Defendant Sky High is required by the controlling CBA(s), Trust
Agreements, plan documents of the ERISA Funds and applicable federal law to
permit the Funds to audit their records, to cooperate in determining the contributions
due to the Funds, and to pay the cost of the audit if found to be delinquent.

35.     The amount of fringe benefit contributions that Defendant Sky High is
required to pay to the Funds is based upon the number of hours worked by and paid
to employees who perform work that is governed by the terms of the applicable
CBA.

36.     The Funds are without sufficient information or knowledge to plead the
precise nature, extent, or amount of Defendant Sky High's delinquency because the
books, records, and information necessary to determine this liability are in the
exclusive possession, custody, control, and knowledge of Defendant Sky High.

37.     The Funds and their fiduciaries or officers are adversely affected or
damaged by the lack of an audit as, among other things, they have a fiduciary duty to
audit, confirm amounts due, and collect amounts owed, from contributing employers,
such as Defendant Sky High.

38.   The Funds and their fiduciaries or officers have no adequate remedy at law for lack of an audit as the calculation of any damages suffered as a result of this breach can only be ascertained from an audit of Defendant Sky High.

**WHEREFORE**, the Funds respectfully request the following relief:

a.   Order Defendant Sky High, their officers, agents, servants, employees, attorneys and all others, to permit an audit of all records under the actual or constructive control of Defendant Sky High, and in the absence of such records, to cooperate in alternative methods for the determination of work for which contributions are due; and

b.   Grant any such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT FOUR

39.   The Funds incorporate the allegations in Paragraphs 1 through 38 of this Complaint as if set forth herein in their entirety.

40.   On information and belief, the Defendant Sky High has failed to make fringe benefit contributions to the Plaintiffs as required by the CBA and Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

41.   The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendant Sky High's delinquency

10

since the books, records and information necessary to determine this liability are in the possession, control or knowledge of the Defendant Sky High.

42. On information and belief, the Plaintiffs have been damaged by the failure of Defendant Sky High to make contributions as required by its CBAs and Trust Agreements.

**WHEREFORE**, the Funds respectfully request the following relief:

a. After an audit has been performed, enter judgment against Defendant Sky High in favor of the Funds for the contributions found to be due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages of up to twenty percent (20%) of the unpaid contributions, the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment; and

b. Grant any such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT FIVE

43. The Funds incorporate the allegations of paragraphs 1 through 42 of the Complaint as if set forth herein in their entirety.

11

44. On information and belief, Defendant Sky High has failed to remit dues check-offs to Plaintiff Union as required by the CBA in a period not barred by any applicable statute of limitations or similar bar.

45. The Plaintiff Union is without sufficient information or knowledge to plead the precise nature, extent and amount of the dues owed by Defendant Sky High since the books, records and information necessary to determine this liability are in the possession, control or knowledge of Defendant Sky High.

46. Plaintiff Union is adversely affected or damaged as a proximate result of Defendant Sky High's breach of the CBA and the documents incorporated therein, with respect to any amounts that are found to be due and owing to Plaintiff Union.

**WHEREFORE**, the Funds respectfully request the following relief:

a. After an audit has been performed, enter judgment against Defendant Sky High in favor of Plaintiff Union for the dues found to be due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages of up to twenty percent (20%) of the unpaid contributions, the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment pursuant to §515 of ERISA, 29 U.S.C. §1132(g)(2); and

12

b.     Grant any such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT SIX

47.     The Funds incorporate the allegations of paragraphs 1 through 46 of the Complaint as if set forth herein in their entirety.

48.     A money judgment or other remedy available at law is inadequate because Defendant Sky High has shown their disregard of their contractual and legal obligations by their refusal to permit an audit, a consistent pattern of delinquencies and other acts.

49.     Unless ordered otherwise by this Court, Defendant Sky High will continue their conduct in violation of the CBA and, as a result, fail to remit contributions owed, and Plaintiff Funds and their participants will be irreparably damaged.

50.     All other conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, the Plaintiff Funds ask that the Court:

a.     Permanently restrain and enjoin Defendant Sky High, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with them from continuing to violate the terms of the current CBA between Defendant Sky High and Plaintiff Union and from violating such other CBAs as may from time to time be entered by the said parties providing for the

13

timely filing of remittance reports with complete, accurate and proper information

and timely payment of contributions to the Plaintiff Funds and Union for so long as

Defendant Sky High is contractually required to do so; and

      b.    Grant such other or further relief, legal or equitable, as may be just,

necessary or appropriate.

                         Respectfully submitted,

                         **O'BRIEN, BELLAND & BUSHINSKY, LLC**

                         *Attorneys for Plaintiffs*

By:                       

                         W. Daniel Feehan, Esquire
                         509 S. Lenola Road
                         Building 6
                         Moorestown, NJ 08057
                         856-795-2181/Fax: 856-581-4214
                         dfeehan@obbblaw.com

Dated: July 2, 2019