NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRUSTEES OF INTERNATIONAL
UNION OF PAINTERS AND ALLIED
TRADES DISTRICT COUNCIL 711
HEALTH & WELFARE FUND; et al.,

*Plaintiffs*,

v.

SKY HIGH MANAGEMENT, LLC,

*Defendant*.

Civil No.: 19-cv-14638 (KSH) (CLW)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

## I. Introduction

This matter comes before the Court on the motion for default judgment (D.E. 8) of plaintiffs Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund; *et al.* ("plaintiffs" or "Funds"), against defendant Sky High Management, LLC ("Sky High"). Plaintiffs allege that Sky High failed to remit required contributions to labor management trust funds and employee benefit plans in violation of their collective bargaining agreement (D.E. 7, Ex. A ("CBA")) and Section 515 of the Employee Retirement Security Income Act ("ERISA"), 29 U.S.C. § 1145. For the reasons set forth below, plaintiffs' motion is granted.

## II. Background

Plaintiffs are labor-management trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), employee benefits plans

1

organized and operated pursuant to Section 3(3) of ERISA, 29 U.S.C. § 1002 (3), multi-employer benefit plans within the meaning of Section 3(37) of ERISA 29 U.S.C. § 1002(37), and a labor organization established and maintained within the meaning of Section 301 of the LMRA 29 U.S.C § 185 and Section 3(4) of ERISA, 29 U.S.C. § 1002(4).[1] (Compl. ¶¶ 4-13.) Sky High is an employer as defined by Sections 3(5) and 3(14) of ERISA, 29 U.S.C. § 1002(5) and (14), respectively, with its principal place of business in New Jersey. (*Id.* ¶¶ 15-16.)

As a signatory to the CBA with the Union of Painters and Allied Trades District Council 711 ("the Union"), Sky High was obligated to make specified fringe benefit contributions to the Funds and remit administrative dues for Sky High's represented employees. (*Id.* ¶¶ 19-21.) Sky High was also subject to the "Policy for the Collection of Delinquent Contributions," which outlines the relevant procedure in the event of delinquency and, among other things, outlines plaintiffs' right to audit the financial records of its employers, in accordance with ERISA. (*See* D.E. 9, Ex. A. ("Delinquent Contributions Policy").) Despite plaintiffs' demand for payment, Sky High allegedly failed to remit or only remitted a portion of these required contributions to the Funds for the benefit of its employees from at least April 1, 2018 through June 30, 2018. (Compl. ¶¶ 22-24.) Plaintiffs brought this action pursuant to Section 502(g)(2), 29

---

[1] Funds are authorized to commence legal action on behalf of their trustees and sue in their own name. 29 U.S.C. § 1132 (d)(1). Plaintiffs bring this action on behalf of their trustees, committee members, participants and beneficiaries. 29 U.S.C. § 1132; Compl. ¶11.

U.S.C. § 1132(g)(2) and Section 515 of ERISA, 20 U.S.C. § 1145, pursuant to which the Court is directed to award all unpaid contributions, interest, liquidated damages, reasonable attorneys' fees, court costs, and any other relief the it deems appropriate.

Plaintiffs also allege that Sky High violated the CBA because it failed to remit "dues check-offs" for at least the period of April 1, 2018 and June 30, 2018. (Compl. ¶¶ 28-31.) Plaintiffs demanded the dues check-offs from Sky High, but it refused to submit the required payments. (*Id.* ¶ 32.)

Plaintiffs further allege that Sky High's records are subject to audit, as per the "controlling CBA(s), Trust Agreements, plan documents of the ERISA funds and applicable federal law." (Compl. ¶ 34.) Because the amount of fringe benefit contributions Sky High must pay is based upon the hours worked by and paid to employees, plaintiffs contend that, absent an additional payroll audit, they are without sufficient information to plead the precise amount of delinquency. (*Id.* ¶¶ 35-36.) Plaintiffs maintain that it is their fiduciary duty to audit Sky High's records so that they may confirm and collect the amount they are owed. (*Id.* ¶ 37.)

On July 2, 2019, plaintiffs filed their complaint. Thereafter, Sky High was personally served and copies of the summons and complaint were left with a person authorized to accept service. (D.E. 5.) Sky High has filed no answer or otherwise responded to the complaint. On August 12, 2019, the clerk's office entered default against it.

On August 27, 2019, plaintiffs moved for default judgment. In support of the

3

motion, plaintiffs submitted several documents, including its counsel's affidavit (D.E. 7 ("Feehan Affidavit")), portions of the CBA and the Delinquent Contributions Policy, the signature page for the project Sky High worked on (D.E. 7, Ex. C ("Project Signature Page"), the duration clause of the CBA (D.E. 7, Ex. D ("Duration Clause")), a copy of certified payroll records completed by Sky High (D.E. 7, Ex. F ("Payroll Records"), and remittance reports prepared by plaintiffs' third-party administrator (D.E. 7, Ex. G. ("Remittance Reports")).

### III. Legal Standard

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (Kugler, J.). Although cases are to be decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion." *Id.* In ruling on the motion, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* at 535-36 (citations omitted).

In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the

prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (Ackerman, J.) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendant was properly served. *Trs. of the N.J. B.A.C. Health Fund v. Bryant Caulking & Waterproofing, Inc.*, 2017 WL 784944, at *2 (D.N.J. Mar. 1, 2017) (Kugler, J.); *Trs. of the N.J. B.A.C. Health Fund v. Thurston F. Rhodes, Inc.*, 2017 WL 3420912, at *2 (D.N.J. Aug. 9, 2017) (Bumb, J.).

## IV. <u>Analysis</u>

The preliminary requirements for entry of default judgment are met here. The Court has subject matter jurisdiction over this case based on federal question jurisdiction. 29 U.S.C. § 185(a); 29 U.S.C. § 1132(e)-(f); 29 U.S.C. § 1145; 28 U.S.C. § 1331. Service was duly made on July 3, 2019 by delivering a copy of the summons and complaint to Sky High at its place of business and leaving it with a person authorized to accept service. (D.E. 5.) *See* Fed. R. Civ. P. 4(e)(1), (h). The Court also has personal jurisdiction over Sky High, who maintains its principal place of business in New Jersey. (Compl. ¶ 16.) Therefore, Sky High is "at home" in this state and subject to general jurisdiction here. *Trs. of IBEW Local 400 Welfare, Pension, Annuity, Supplemental & Joint Apprenticeship Training Funds v. Solar-Mite Elec. Contractors, Inc.*, 2020 WL 114073, at *2 (D.N.J. Jan. 9, 2020) (Vazquez, J.).

Sky High never answered or otherwise responded to the complaint, and default was entered against it. Sky High's failure to appear or to file a response to the complaint has prevented plaintiffs from prosecuting this action and obtaining relief, to their prejudice. *Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Rock Canyon, Inc.*, 2015 WL 881694, at *1 (D.N.J. Mar. 2, 2015), *amended on reconsideration*, 2015 WL 1321722 (D.N.J. Mar. 24, 2015) (Bumb, J.); *Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Dubin Paper Co.*, 2012 WL 3018062, at *4 (D.N.J. July 24, 2012) (Simandle, J.) No meritorious defense is apparent from the record, nor, in view of Sky High's failure to respond, is the Court in a position to determine whether one exists. *Rock Canyon*, 2015 WL 881694, at *1. The company's failure to respond "demonstrates [its] culpability in its default," and "[t]here is nothing before the Court to show that [its] failure to file an answer was a result of anything other than willful negligence." *Dubin Paper*, 2012 WL 3018062, at *4.

Next, the Court must determine whether the complaint states a proper cause of action. In doing so, the Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36. Plaintiffs allege that Sky High violated the CBA. Under New Jersey law, to state a claim for breach of contract, a plaintiff must allege that there is (1) a valid contract; (2) plaintiff performed under the contract; (3) defendant's breach of contract; and (4) resulting damages. *Lacroce v. M. Fortuna Roofing, Inc.*, 2017 WL 431768, at *5 (D.N.J. Jan. 31, 2017) (Simandle, J.). Plaintiffs allege that there was a valid contract—the CBA. They also

contend that the Union performed under the CBA, and that pursuant to the CBA, Sky High was required to pay the required dues check-offs but failed to do so. Finally, plaintiffs allege that they have been damaged by Defendant's breach. Therefore, plaintiffs have adequately stated a claim for breach of contract.

Plaintiffs have also stated a claim under ERISA and have established their entitlement to the damages they seek, totaling $138,038.72. Section 515 of ERISA requires every employer that is obligated to contribute to a plan under the terms of a collective bargaining agreement to make those contributions in accordance with the terms and conditions of the agreement. 29 U.S.C. § 1145. Plan fiduciaries may sue for failure to make required contributions. *Rock Canyon, Inc.*, 2015 WL 881694, at *1 (citing 29 U.S.C. § 1132(a)). Upon an award of judgment in favor of the plan in an action to enforce section 515, the court must award the plan (1) unpaid contributions, (2) interest on the unpaid contributions, (3) the greater of interest on the unpaid contributions or liquidated damages, and (4) reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2).

Plaintiffs have supplied the collective bargaining agreement covering the period of May 1, 2015 through June 30, 2018 [2] between the Union and signatory employers, as

---

[2] The CBA covered the period of May 1, 2015 through April 30, 2018, however, pursuant to Article 21, the agreement "shall continue from year to year unless written notice of desire to cancel or terminate the agreement is served upon the other not less than sixty (60) and not more than ninety (90) days prior to April 30th, of any subsequent year." Because Sky High did not notify plaintiffs of its intent to cancel the CBA, Sky High became a party to the subsequent CBA. (Duration Clause ¶¶ 21.1-22.2; Feehan Affidavit ¶¶ 3-5.)

7

well as the relevant signature pages related to Sky High's project at 15 Washington Street, Newark. (*See* CBA; Project Signature Page.)

In seeking to enforce ERISA section 515 and Sky High's obligations, plaintiffs have sought the outstanding contributions, as estimated, together with their calculations of interest, liquidated damages, and audit costs, as permitted under the statute and the relevant agreements, and they have supplied the factual basis for the amounts they seek. Plaintiffs' third-party administrator, Frank M. Vacarro & Associates, Inc., reviewed the certified payroll records completed by Sky High and prepared remittance reports. (Remittance Reports.) These reports state that the amount of delinquent contributions Sky High owes, based on the period from April 1, 2018 through June 30, 2018, is $99,788.12. (Compl. ¶ 11.) In addition, plaintiffs seek $19,957.62 in liquidated damages, $180.00 in delinquent penalties, and $13,439.87 in interest, all pursuant to the Delinquent Contributions Policy.

With respect to liquidated damages, the Court issued an Order to Show Cause on March 6, 2020, which directed plaintiffs to clarify why they were entitled to 20% liquidated damages. (D.E. 8). On March 13, 2020, plaintiffs filed a supplemental affidavit signed by plaintiffs' attorney, Daniel Feehan, explaining how liquidated damages were calculated. (D.E. 9 ("Supplemental Feehan Affidavit")). It appears that plaintiffs had originally failed to include the relevant portion of the Delinquent Contributions Policy, namely section C, ¶ 2, which they attached to their supplemental affidavit. It states:

8

In the event an employer fails to pay the delinquent Contributions, interest and liquidated damages by the end of the 2nd month following the month in which Contributions are due, Fund counsel shall assess a penalty in the amount of 20% of the unpaid balance an initiate legal action[.] (D.E. 9, Ex. 2 ("Updated Delinquent Contributions Policy").)

Based on this additional information, the Court is satisfied that liquidated damages are calculated at a rate of 20% of the delinquent contributions, which in this case amounts to $19,957.62. (Supplemental Feehan Affidavit, ¶ 10.)

Additionally, under ERISA, plaintiffs are entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2). Plaintiffs request attorneys' fees in the amount of $4,105.50 and costs, representing filing and service fees, of $567.61.20, for a total of $4,673.11. (Feehan Affidavit, ¶¶ 14-17.) Plaintiffs have demonstrated that these fees are reasonable under the circumstances, and are statutorily and contractually permissible categories of recovery, and will be awarded.

Plaintiffs have also set forth that they are without sufficient information to plead the precise nature and amount of Sky High's delinquency without an audit of its records. (Compl. ¶¶ 33-38; 39-42.) ERISA permits the Court to grant a plan fiduciary "other legal or equitable relief as [it] deems appropriate." 29 U.S.C. § 1132(g)(2)(E). Court-ordered audits are permissible forms of equitable relief to "determine the precise amount of delinquent contributions owed to Plaintiffs." *U.A. Local 322 Pension Fund v. Direct Air LLC*, 2017 WL 5618279, at *5 (D.N.J. Nov. 21, 2017) (Simandle, J.). The Court finds that this is an appropriate remedy in this situation. The Court also grants plaintiffs' request that, after the audit is performed, judgment be entered against Sky

9

High in favor of plaintiffs for the contributions and dues check-offs owing as a result, together with interest at the rate prescribed by 26 U.S.C. §6621, liquidated damages, the cost of the audit, and reasonable attorneys' fees and costs incurred in connection with the action or any proceedings to enforce or collect the judgments. (Compl. ¶¶ 39-42; 43-46.)

V.  **Conclusion**

For the foregoing reasons, the Court will grant the motion for default judgment and permit defendants to recover of Sky High $138,038.72, less payments received, which is inclusive of interest, liquidated damages, and attorneys' fees and costs. An appropriate order will follow.

/s/ Katharine S. Hayden
Date: April 7, 2020                    Katharine S. Hayden, U.S.D.J.